```
 1  TERRY A. DAKE, LTD.
    P.O. Box 9134
 2  Phoenix, Arizona  85068-9134
    Telephone: (602) 710-1005
 3  tdake@cox.net

 4  Terry A. Dake - 009656

 5  Attorney for Trustee
```

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| BARBARA A. BOWEN; | ) | Case No. 2:25-BK-03839-DPC |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTION TO EXEMPTIONS**
**AND NOTICE OF BAR DATE**

The trustee objects to the exemptions claimed by the debtor. The trustee's objection is more fully set forth in and is supported by the following Memorandum Of Points And Authorities.

DATED July 1, 2025.

                              *TERRY A. DAKE, LTD.*

                              By /s/ TD009656
                                 Terry A. Dake
                                 P.O. Box 9134
                                 Phoenix, Arizona  85068-9134
                                 Attorney for Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

**1. The Debtor Is Ineligible For Arizona Exemptions**

The debtor has claimed a variety of assets exempt under Arizona law.  The trustee objects to those exemptions because the debtor is ineligible for any Arizona exemptions.

Arizona's exemptions are limited to residents of the state of Arizona.  A.R.S. §33-1101(A) ("Any person who resides in this state may hold a homestead exempt from attachment ...."); A.R.S. §33-1133(B)

("Nothing in this section affects the exemptions provided to residents of this state by the constitution or statutes of this state."); *In re Rody*, 468 B.R. 384, 388 (Bankr.D.Ariz.2012) ("The Trustee's suggestion that this statute does not expressly prohibit a nonresident from utilizing the Arizona exemptions is contrary to the plain meaning of the opt-out for residents."); *In re Cline*, 2015 WL 3988992, *4 (9th Cir.BAP) ("Another example of a State that requires an individual to be a resident in order to utilize its exemptions is Arizona.")

Every year since at least 2000 through the petition date the debtor has resided in California. She has been employed in California and lived in California. Her federal tax returns, filed under penalty of perjury, report that her home address is at 57530 Black Diamond, La Quinta, CA. She has filed no Arizona tax returns. Every year she has filed a California RESIDENT tax return. Those returns report, also under penalty of perjury, that her physical residence was always 57530 Black Diamond, La Quinta, CA. Her tax returns also reflect income from activities as a realtor. Her real estate license is in California, not in Arizona.

While the debtor owns a house in Mesa, the debtor is rarely at that property. Her bank statements for the last year, which also use her California address, reflect very few transactions in Arizona. Rather, the vast majority of all of the debtor's banking transactions are in California.

The debtor's Schedule I reflects that she is currently employed by "Alms Underground Construction". However, her Schedule I conveniently omits her employer's address. Alms Construction is

2

Case 2:25-bk-03839-DPC    Doc 23    Filed 07/01/25    Entered 07/01/25 11:37:03    Desc
Main Document    Page 2 of 9

located at 38703 Vista Dr., Cathedral City, CA. Cathedral City, CA is just 16 miles from La Quinta, CA.

Each week, the debtor is paid by a paper check issued by Alms Construction. Each week, the debtor drives to an ATM 6 miles away at 42350 Bob Hope Dr., Rancho Mirage, CA and deposits her paycheck.

When the debtor appeared by Zoom for her creditors' meeting on June 10, 2025, she initially lied and said she was appearing from the house she owns in Mesa, AZ. But, upon further inquiry, she finally admitted that, in fact, she was at her California residence.

The debtor is not and has not been an Arizona resident, she is not entitled to use Arizona exemptions.

Since the debtor has repeatedly represented, under penalty of perjury, that she resides in California, and since the debtor has, repeatedly, failed to file tax returns and pay taxes in Arizona, she is estopped from now asserting that she resides in Arizona.

The debtor has cheated the State of Arizona out of the tax revenue that is due to the State of Arizona if she is in fact an Arizona resident as she now claims. Yet, in the face of her duplicity, the debtor would now have this Court allow her the benefits of Arizona law to protect her assets using Arizona law. The law does not permit that result.

The Arizona Supreme Court has recognized that equitable defenses apply to exemptions. *See, e.g., Hancock v. Herrick*, 3 Ariz. 247, 251 (1891) ("If there be facts which would operate as an estoppel upon the appellants from claiming as exempt such homestead, they could only be determined, unless expressly admitted, by a trial upon its

3

merits."); *Schreiber v Hill*, 54 Ariz. 345, 350 (1939) ("It was never intended by the Legislature, in our opinion, that the homestead law should be a means of defrauding innocent parties....").

The Arizona Supreme Court has also recognized quasi-estoppel. That Court said in *Unruh v. Industrial Commission*, 81 Ariz. 118, 301 P.2d 1029, 1031 (1956):

> There are certain principles recognized which are somewhat analogous to estoppel and which are sometimes described as a quasi estoppel. There the conscience of the court is repelled by the assertion of rights inconsistent with a litigant's past conduct.

Or, as the Arizona Supreme Court put it a few years later, a party cannot be permitted to "blow both hot and cold." *Graybar Electric Co. v. McClave*, 371 P.2d 350, 91 Ariz. 223 (Ariz. 1962). The doctrine is based on the acceptance of benefits. *Aracaju, Inc. v. True North, Inc.*, No. 1 CA-CV 13-0566 (Ariz. App. 2015).

Other courts agree. The court in *In re Honey Gilmore*, 221 B.R. 864, 879-880 (Bankr. S. D. Ala. 1998), quoting from *Holly Hill Citrus Growers' Ass'n. v. Holly Hill Fruit Products*, 75 F.2d 13, 17 (5th Cir. 1935) said it best:

> "There is a kind of evidential estoppel which, though it may not amount to a complete estoppel in pais, is raised when persons who have spoken or acted one way under one set of circumstances, and with one objective in mind, undertake under other circumstances and when their objective has changed, to testimonially give a different color to what they formerly said and did."
>
> That estoppel applies here. The plaintiff should not be allowed to change its position simply because its objective has changed. (Citations omitted.)

4

In *Unruh*, the Supreme Court refused to allow the petitioner, Faith Unruh, to eschew a divorce she obtained in New Mexico so that she could obtain benefits from the Arizona Industrial Commission upon the death of her former spouse. In *Graybar*, the Supreme Court refused to allow Graybar Electric to hold McClave personally responsible for an account for which Graybar had previously accepted estate funds.

In this case, the Court should be equally repelled. Here, these debtor has lied, both affirmatively to the State of California and to the Internal Revenue Service and, by omission, to the State of Arizona. In doing so, she has evaded paying taxes in Arizona. But, now that it suits her, she eschews the claims made and benefits received in California in favor of new benefits from Arizona, just like Faith Unruh and Graybar Electric sought to do. This sort of duplicitous conduct cannot be tolerated or rewarded by this Court.

The State Of Arizona is a creditor of the debtor due to the debtor's failure to file and pay taxes in Arizona for at least the last 5 years. The State has been cheated by the conduct of the debtor if, in fact, she was an Arizona resident as she now claims. She has evaded paying the income taxes due to the State of Arizona. If she is allowed the exemptions she now claims, then the State of Arizona, which was cheated of its taxes, will go unpaid.

Allowing the debtor to now use the laws of the State of Arizona to cheat the State of Arizona, as well as all of her other creditors, cannot be allowed. The duplicity of the debtor is the very reason why the principles of estoppel exist.

## 2. Invalid Arizona Homestead Exemption

Even if the debtor is somehow entitled to claim Arizona exemptions despite the fact that she does not reside in Arizona, she has claimed a homestead exempt under Arizona law which is not a valid exemption. The trustee objects to that exemption claim.

The debtor claims a homestead exemption for real property located at 9406 E. Ellis St., Mesa, AZ. As set forth above, the debtor does not reside in Arizona at the Mesa property. She resides in California. While the debtor may visit Mesa from time to time, she does not reside in the Mesa house.

The starting place, of course, is the statute. It says, in no uncertain terms, that a debtor may exempt his or her interest in real property "in which the person resides". A.R.S. §33-1101(A)(1). It does not say "used to reside", it does not say "may someday reside". Thus, while I may covet the house down the street, and avow that someday I will buy it and live there, that property cannot be my homestead just because I "intend" to live there someday.

The establishment of a homestead requires both inent <u>and</u> occupancy. *Hiatt v. Lee*, 48 Ariz. 320, 323 61 P.2d 401 (1936) ("the mere intention to acquire a new residence does nothing."); *In re Elia,* 198 B.R. 588, 597 (Bankr. D. Ariz. 1996) ("In reviewing Arizona case law on the issue, the Court notes that the term "reside" requires at least the physical presence of the individual claiming a homestead exemption."); *Morrisey v. Ferguson*, 156 Ariz. 536, 753 P.2d 1192 (Ariz.App.1988) (individual that filed a homestead declaration while in

6

the custody of the Arizona Department of Corrections did not reside in the mobile home and did not comply with the requirements of the statute); *see, In re Newton*, CV-04-0464-PHX-JAT (Dist. AZ 2004). There must be a bona fide intention of making the premises a homestead or permanent residence and occupying it as such *exclusive of* any other dwelling place. Intention without occupancy will not suffice. 40 C.J.S. Homesteads §§ 13 & 15 (1991).

While the Arizona homestead exemption permits a temporary absence from a residence, *In re Elia*, 198 B.R. 588 (Bankr. D. Ariz. 1996), there must be "a certain permanence or continuity" rather than transient occupancy for a property to constitute a residence. *Elia, supra*, 198 B.R. at p. 598; *see, In re Boward*, 334 B.R. 350 (Bankr. D. Mass. 2005).

The impact of physical presence on the existence of a valid homestead was discussed by the Arizona District Court in *In re Garcia*, 168 B.R. 403 (D. Ariz. 1994). In his opinion, Judge Broomfield noted that temporary absence from a home will not defeat a homestead claim so long as the party "intends that home to be his residence". Id. at p. 408. Thus, it is evident that a homestead in Arizona has two parts, occupancy and intent. So, just as a temporary absence will not defeat a homestead claim, temporary occupancy, without more, will not establish one either.

The debtor must demonstrate a "real intention" of residing at the property she claims as their homestead. *In re Earl*, 2015 WL 1775489,*3 (Bankr.D.Ariz.); *In re Paul*, 739 F.3d 1132, 1136 ("there must be 'an honest belief that at some time in the future the party

7

will reoccupy the property as a home.' And it is not enough that the intent to return is 'a mere possible, or at most probable, future purpose to do so, contingent upon the happening or not happening of a particular event.'") (Citations omitted.)

The debtor satisfies none of the criteria necessary to allow a homestead in the Mesa property. She is, in fact, a resident of California where she lives and works. She holds title to the Mesa house, but she does not reside there, and she has no specific intent to reside there at any fixed time. Her claimed homestead exemption in the Mesa property must be denied.

**WHEREFORE**, the trustee prays for the entry of an order denying the asserted exemptions and ordering the turnover of the assets to the trustee.

DATED July 1, 2025.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
   Terry A. Dake
   P.O. Box 9134
   Phoenix, Arizona 85068-9134
   Attorney for Trustee

**NOTICE OF OBJECTION TO CLAIMED EXEMPTIONS**

The trustee has filed the above objection to the exemptions claimed by the debtor.

<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you do not want the court to sustain the trustee's objection to the claimed exemptions and disallow them or if you want the court to consider your views on the trustee's objection, then on or before **July 24, 2025** you or your attorney must file with the Court a written response requesting a hearing on the trustee's objection.

8

**FILE YOUR OBJECTION AT:**

Clerk
United States Bankruptcy Court
230 N. First Avenue
Ste. 101
Phoenix, AZ 85003-1706

If you mail your response to the Court, you must mail it early enough so the Court will receive it on or before the date stated above.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the trustee's objection and may enter an order that sustains the trustee's objection and disallows those exemptions to which the trustee has objected.

COPY e-mailed & mailed July 1, 2025 to:

**Barbara A. Bowen**
9406 E Ellis Street
Mesa, AZ 85207
barbarabowenhomes@gmail.com

 /s/ TD009656