# MOTION TO STRIKE OBJECTION TO EXEMPTIONS AND BAR DATE, MOTION TO REMOVE TRUSTEE AND PROCEED TOWARD DISCHARGE DUE TO LACK OF NOTICE, RETALITORY CONDUCT, AND IMPROPER POST-RETIREMENT FILINGS, MOTION FOR COURT HEARING (If Needed)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

In re:
BARBARA ANN BOWEN
Debtor,
Chapter 7
Case No. 2:25-bk-03839-DPC

MOTION TO STRIKE OBJECTION TO EXEMPTION AND NOTICE OF BAR DATE, MOTION TO REMOVE LAWRENCE J. WARFIED, TRUSTEE FOR DUE PROCESS VIOLATIONS, AND BAD FAITH CONDUCT.

COMES NOW Debtor, Barbara Ann Bowen, pro se, and respectfully moves this Court to (1) strike the Trustee's Objection to Exemption filed after his retirement, (2) disregard or vacate the unauthorized continuance, and (3) discharge the case in its entirety. This motion is based on violations of the Federal Rules of Bankruptcy Procedure, due process, and misconduct by the Trustee and his counsel.

## 1. TRUSTEE WAS GRANTED CONTINUENCE BY THE COURT-BUT THE DEBTOR WAS NOT SERVED

1. Trustee David Warfield retired on June 30, 2025. Upon information and belief, the Court authorized him to continue overseeing the Debtor's case after retirement.

2. However, Debtor was not properly served with trustee Motion, Request, or the Court Order granting that continuance, in violation of:
-Federal Rules of Bankruptcy Procedure 2002 (a)(2), (4), and (7)
-FRBP 9014, and
-Due process rights under the U.S. Constitution, Debtor only became aware of the Trustee's continued involvement via an informal email received on July 6th, 2025, which does not constitute valid legal service. "The failure to provide proper notice and opportunity to respond denied the Debtor due process under the law".

**FILED**

JUL 1 4 2025

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

## 2. Trustee Filed Objections After Retirement Without Proper Authority to Proceed

Despite his retirement, Trustee Warfield filed an Objection to Exemptions and Bar Date on July 1, 2025, without proper notice of his continued authority or appointment. Because Debtor was not notified of the continuance, this filing is procedurally defective, prejudicial, and improper under circumstances.

## Trustee and his Attorneys' Conduct has been Retaliatory and Biased

The trustee's filings and correspondence include inflammatory language such as:
-"You may win the battle over the house, but you will lose the war"
-"Statement that the "trustee will do what he has to do". Exhibit A

I/the Debtor entered this process in good faith, trusting the system to be fair and peaceful. But the Trustee's attorney stated that while "I may win the battle over the house, I would lose the war" and that the trustee "will do what he has to do." EXHIBIT A

These statements imply combative, retaliatory litigation and bias against the Debtor. They broke the trust and integrity of the process and made me/the Debtor feel targeted, not protected by the system.

Furthermore, the Trustee and his counsel submitted filings containing false and misleading accusations in the Objection to Exemptions filed July 1, 2025, further prejudicing the Debtor's rights and undermining the fairness of the proceedings as stated in the Debtor's Response to Trustee's Objection to Exemptions.

## 3. RELIEF REQUESTED, DEBTOR PREFERS NO HEARING

1. That the Court STRIKE or disregard the July 1, 2025, Objection to Exemptions as improperly filed after retirement and without proper notice.
2. Remove Trustee Lawrence J. Warfield from this case pursuant to 11 U.S.C. -324 (A);
3. Appoint a new trustee only if necessary to complete ministerial duties.
4. Allow the case to proceed without further delay.
5. Grant such other and further relief as this Court deems just and proper or that the Court issues an order to DISCHARGE this case immediately, as the Trustee has improperly delayed closure and acted in bad faith.

6. The Debtor Prays that the Court takes notice of the Trustee's and his counsel's misconduct, including false accusations and threats of continued litigation despite the Debtor's successful exemption claims. **The debtor prefers the Court to decide this case without hearing if possible.**

Respectfully submitted this 15th day of July 2025.

*Barbara Ann B——*

Barbara Ann Bowen
Pro Se Debtor
9406 East Ellis Street
Mesa, Arizona 85207

Debtor Pro Se