5

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

In re:

BARBARA ANN BOWEN,

Debtor.

Chapter 7

Case No. 2:25-bk-03839-DPC

RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS

Dated: July 15, 2025

COMES NOW the Debtor, Barbara Ann Bowen, appearing pro se, and respectfully submits this Response to the Chapter 7 Trustee's Objection to Exemptions filed on or about July 1, 2025. In support of her claimed Arizona homestead exemption and in opposition to the objection, Debtor states as follows:

1. Debtor claimed a homestead exemption pursuant to A.R.S. § 33-1101 in her primary residence located at 9406 E, Ellis, Mesa Arizona 85207

2. Before purchasing her home, debtor worked and resided for over 30 years in California on August 26, 2022, she permanently relocated to Arizona (in which she was born) and purchased her current home at 9406 Ellis Mesa Az. 85207. Debtor moved in, set up and occupied her household immediately after the closing of her home. She established utility accounts in her name, registered her vehicle, and obtained insurance in Arizona then took additional steps to establish Arizona her residency. The Mesa home is titled solely in debtor's name and is the debtor's sole and permanent legal domicile. The Debtor is responsible for making sure the mortgage, utilities, or any other expense are paid. The debtor's daughter (Amanda Musselman) also resides with the debtor and helps provide personal and financial support. The home is not in default, nor the property taxes and the home is not abandoned. Please see Exhibits E-M.



**FILED**

JUL 1 4 2025

UNITED STATES
BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

3. Debtor's temporary employment in California does not reflect a change in legal residence. Debtor has maintained strong and continuous Arizona ties. The debtor is receiving valuable training in California and this training is transferable to Arizona and will help the debtor secure a good job in Arizona.

4. Debtor's actions demonstrate continuous intent to continue residing and maintaining her Arizona home permanently as her legal domicile as per the Arizona homestead exemption is properly claimed under A.R.S. § 33-1101.

5. Debtor has no financial ties to a California Residence. Debtor does not have a mortgage or lease on any property in California. Debtor does not pay utilities, rent, internet, or household expenses, except for her personal food, clothes and business expenses. Debtor does not own property in California. Debtors' presence in California is solely for temporary work. Debtor returns to her Arizona home as often and possible and keeps her personal, financial, and legal connections tied to Arizona. The debtor has consistently explained to the trustee, she stays at the 57530 Black Diamond address when not working in Arizona. See Exhibit b dated June 27,2025.

6. Debtor acknowledges that her California address appeared on certain tax returns during the relevant period. Upon discussing this matter with her CPA during a previous filing, the debtor was informed by her CPA that Arizona and California have reciprocal tax agreements and advised that using the California address on the returns was acceptable as a mailing address and did not reflect a change in debtor's legal domicile. Debtor's legal residence has been domiciled in Arizona since August 26, 2022, as evidenced by her purchase.

7. Debtor acknowledges holding a California Real Estate license; however, this fact is irrelevant to the determination of her legal domicile and homestead exemption under Arizona law. Holding a professional license in another state does not negate debtor's continuous residence and domicile in Arizona, as established by her ownership, occupancy, and other ties to the Arizona residence. Note: Debtor began Arizona Real Estate classes in December 2022 and will move forward to obtain her Arizona Real Estate License.

8. Debtor acknowledges depositing work checks in her Wells Fargo account. This practice is typical for someone working out of state and does not affect her Arizona domicile.

9. Debtor confirms that she originally stated she was in Arizona on the June 10th, 2025, ZOOM meeting and as the trustee stated, this was immediately corrected. I, the debtor, was very sick with a migraine and nausea that day and was not clear regarding the original question and did not mean to mislead the court. Affidavit to trustee June 27th, 25.

10. Debtor acknowledges the Trustee's concern regarding the I-9 form from Alms Underground Construction in Cathedral City, California. What matters is that debtor's income was accurately reported and matched her 1099 tax form and includes the correct EIN number for Alms Underground Construction, Inc. and the correct Social Security number for debtor. The location address of the I-9 does not impact debtor's legal domicile or homestead exemption.

11. During the 341 Zoom meeting on June 10th, 2025, the trustee brough up Arizona taxes I, the debtor, told the Court that I did not make enough money and was not required to file in Arizona due to my income and that California and Arizona are reciprocal. The trustee who is a CPA knew this because he already had my California tax filings for his review and could clearly see I am considered low income and did not make any money in 2023.

**Debtor strongly denies any allegation of attempting to cheat the State of Arizona out of taxes as stated in the trustees Objections to my Exemptions Dated July 1, 2025. No Arizona tax was owed on either 2022, 2023 or 2024. In fact, Arizona owes the debtor $25.00 for the years of 2023 and 2024.**

**The trustee claims "the debtor has cheated the state of Arizona out of the tax revenue that is due to the State of Arizona" for the last 5 years, that is NOT true since the debtor has only owned the home in Arizona for approximately 2 1/2 years. The trustee also claims the taxes will go unpaid and the debtor is cheating and avoiding Arizona taxes. To prove the point, the debtor had the 3 tax returns in question prepared, even though it was not necessary due to being under the income threshold of $20,900.00 for single and head of household.**
**Please see exhibits (Q) for Arizona tax filings.**

12. Debtor's closest family members and friends reside in Maricopa County, Arizona. These strong personal connections furthermore support debtor's continuous intent to maintain the Mesa residence as her permanent home. The presence of family and social ties in Arizona is important to the debtor and demonstrates a relevant factor in her established domicile. Debtor respectfully submits that this reinforces the legitimacy of her Arizona homestead exemption claim. Exhibits C and D.

13. Legal precedent supports that temporary absence or employment outside Arizona does not negate domicile or homestead exemption claims. See DeWitt v. McFarland, 112 Ariz. 218, 540 P.2d 630 (1975) (holding that absence for work does not change domicile if intent to return remains); and Kocher v. Department of Revenue, 207 Ariz. 301, 85 P.3d 616 (App. 2003) (recognizing that a taxpayer's domicile remains in Arizona despite work-related absences). These cases reinforce debtor's continuous intent and actions to confirm her Arizona domicile.

14. On or around May 22, 2024, I (the debtor), reached out to Jenny Doling, Bankruptcy Attorney at law in California since the Debtor was being paid income in California. Jenny Doling reviewed the debtors' taxes and confirmed that I, the debtor, had to file my bankruptcy case in Arizona as Arizona is my domicile. **Since the debtor filed the 540 NR (Non-Resident) Form in California**, confirms she does not consider herself a California Resident. This form was filed in 2022, 2023 and 2024 taxes.

On or around November 22, 2024, I (the debtor) retained Bankruptcy Attorney, Victoria Quach at Stone Rose Law, in Arizona, she confirmed and represented my case until her Motion to Dismiss on June 20, 2025. Victoria stated, "she felt conflicted." **(I believe the reason my Attorney filed her Motion to Dismiss is due to premature false allegations of the trustee at 341meeting on June 10th, 2025, and thus leaving me with no legal counsel).**

To summarize, I, Barbara Bowen, the debtor, received legal counsel from two Bankruptcy attorneys in two different states, both of whom agreed that my legal Homestead and domicile is in Arizona.

14. In April2023, debtor had an invasive surgery which caused her not to work the year, debtor accepted the job in California out of necessity and did so to begin recovering financially due to limited financial support beyond my family.

To date, there is no credible evidence of fraud or abuse on my part. I have been open and truthfully with my disclosures. Including during the 341 meeting on June 10th, 2025.

I respectfully request that the court consider these facts of interest in fairness and equity and deny the trustee's objection. I am doing my best to comply with the bankruptcy process, and I seek to move forward with a fresh start as provided under the law.

**The trustee's objection included several factual inaccuracies and characterizations that appear to misrepresent the reality of my Homestead and financial situation. These statements seem designed to fit a narrative not supported by objective evidence in the record. Please see Exhibit A.**

Accordingly, I respectfully request that the Court deny the Trustee's objection and allow this case to proceed under the Bankruptcy Code.

Declaration Under Penalty of Perjury

I, Barbara Ann Bowen, declare under penalty of perjury under the laws of the United States of America and the State of Arizona, that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed this 15 day of July, 2025, at Mesa, Arizona.

*[signature: Barbara Bowen]*

Barbara Ann Bowen

Debtor, Pro Se

WHEREFORE, Debtor respectfully requests that the Court:

a. Overrule the Trustee's Objection to Debtor's claimed homestead exemption;

b. Allow the exemption in full as listed in the bankruptcy schedules; and

c. Grant such other and further relief as is just and proper.