*TERRY A. DAKE, LTD.*
P.O. Box 9134
Phoenix, Arizona 85068-9134
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| BARBARA A. BOWEN; | ) | Case No. 2:25-BK-03839-DPC |
| | ) | |
| Debtor. | ) | Hearing Date: July 28, 2025 |
| | ) | Hearing Time: 10:00 a.m. |

**RESPONSE TO DEBTOR'S OBJECTION TO OBJECTION**

The trustee responds to the debtor's objection to objection and the additional relief requested at Dkt. No. 39. The trustee's response is more fully set forth in and is supported by the following Memorandum Of Points And Authorities.

DATED July 25, 2025.

                                         *TERRY A. DAKE, LTD.*

                                         By /s/ TD009656
                                              Terry A. Dake
                                              P.O. Box 9134
                                              Phoenix, Arizona 85068-9134
                                              Attorney for Trustee

**MEMORANDUM OF POINTS AND AUTHORITIES**

The debtor continues with her barrage of pleadings in this case. This time she has filed an "objection to objection" at Dkt. No. 39.

It appears that the first issue addressed by the debtor's latest pleading is yet another discourse on the trustee's exemption objection at Dkt. No. 23. The debtor has already responded to that

objection at Dkt. No. 29, and the trustee has filed a reply at Dkt. No. 35. A hearing is set for July 28 at 10:00 a.m. No further pleadings on that issue are appropriate at this time. Moreover, the debtor's latest filing is simply a regurgitation of what she filed before.

The second issue raised in the debtor's pleading is an objection to two subpoenas issued by the trustee, one to Wells Fargo and one to T-Mobile.

First, the debtor complains that she was not properly served. She is wrong. Copies of both subpoenas were mailed to the debtor at her address in Mesa, the same address she has on file with this Court and the same address she uses on all of her papers. It is also where the debtor claims to live. Those copies were mailed on the same day they were sent to Wells Fargo and T-Mobile. If the debtor did not receive them it may be because she doesn't really live in Mesa as she claims. But, even if she didn't receive them initially as she claims, she has them now.

Second, the debtor claims that the subpoenas are "intrusive" and seek "private information". She is wrong.

Both subpoenas were issued to obtain additional information about where the debtor claims to live (Mesa) and her contention that her actual residency in California is only a "temporary absence". The debtor has put that information at issue by the defense she has asserted.

The debtor's primary bank account is at Wells Fargo. The trustee has asked Wells Fargo to produce the account statements for that account for the period from June 1, 2023 through and including May 31,

2

2024 and for the period from June 1, 2025 through and including July 14, 2025. Those account statements will shed light on the debtor's repeated assertion that she is only "temporarily" in California.

The debtor's cell phone is with T-Mobile. The trustee asked the debtor to produce her cell phone bills. Once again, the purpose is to shed light on her claim that she only temporarily resides in California. The bills that the debtor provided did not contain the call detail, so the trustee has asked T-Mobile for that information.

Neither subpoena is a "fishing expedition" as the debtor complains. Both are intended to obtain factual information about where the debtor really lives. If in fact she lives primarily in Arizona, those documents should help to verify her claims. If she doesn't, they will refute her assertions. The debtor's efforts to thwart those inquiries suggest that they will reveal that the debtor actually resides in California, not Arizona.

The debtor can, of course, obtain this same information on her own and provide it to the trustee. That, however, will impose a greater burden and expense on the debtor.

The debtor's "Objection To Objection" and her request to quash the subpoenas are without merit and should be denied.

**WHEREFORE**, the trustee prays for the entry of an order denying the relief requested by the debtor in her pleading at Dkt. No. 39.

3

DATED July 25, 2025.

**TERRY A. DAKE, LTD.**

By /s/ TD009656
   Terry A. Dake
   P.O. Box 9134
   Phoenix, Arizona  85068-9134
   Attorney for Trustee

COPY mailed July 25, 2025 to:

**Barbara A. Bowen**
9406 E Ellis Street
Mesa, AZ 85207
barbarabowenhomes@gmail.com

/s/ TD009656