

# UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA
In re:
BARBARA ANN BOWEN, Debtor
Case No. 2:25-bk-03839-DPC

## MOTION FOR SANCTIONS AND REIMBURSEMENT AGAINST TRUSTEE LAWRENCE J. WARFIELD AND ATTORNEY TERRY A. DAKE

Barbara Ann Bowen, the Debtor in the above-captioned case, respectfully moves this Court to impose sanctions and order reimbursement from Trustee Lawrence J. Warfield and Attorney Terry A. Dake, pursuant to the Court's inherent authority and applicable provisions of the Bankruptcy Code and Rules. In support of this Motion, the Debtor alleges as follows:

### I. INTRODUCTION

1. I, Barbara Ann Bowen, am the Debtor in this case, proceeding pro se.
2. I bring this Motion for Sanctions and Reimbursement due to improper conduct by the Chapter 7 Trustee and his attorney, which has caused me financial harm, emotional distress, and disruption of due process.

### II. FACTUAL BACKGROUND

3. I attended the 341 meeting of creditors on June 10, 2025.
4. After the meeting, on June 16, 2025, my former attorney, Victoria Quach Av, Esq., of Stone Rose Law, informed me that she intended to withdraw from my case.
5. She explained that she felt conflicted after being told by other attorneys involved in the case that I was allegedly "defrauding the State of Arizona."
6. As a result, she filed a Motion to Withdraw as Counsel and it was granted on June 20, 2025, and I have proceeded pro se since that time. On July 1st, I had to hire my CPA to complete my Arizona taxes due to allegations I was defrauding Arizona, Mr. Warfield knew this wasn't true because my income was under the Arizona Threshold for filing. This cost me $240.00 in tax preparation to prove to the Court his allegations which he knowingly knew was not true.
7. On July 17, 2025, Trustee Lawrence J. Warfield issued subpoenas to Wells Fargo and MetroPCS/T-Mobile for my private financial and phone records. These subpoenas were issued without a court order and without notifying me in advance, in violation of Bankruptcy Rule 2004 and my due process rights.
8. These actions occurred after I was left unrepresented, compounding the harm and placing me in a vulnerable and prejudiced position.



## III. BASIS FOR SANCTIONS

9. The Court has the inherent authority to sanction parties and counsel who act in bad faith or abuse the judicial process.

10. I believe the Trustee and his attorney acted willfully and with disregard for my rights under bankruptcy law, especially considering I am self-represented.

I believe it is the duty of the trustee to notify me of any court hearings and give me advance notice. A Court date was scheduled July 18, 2025, for July 28, 2025. and I did not discover the Court Hearing was set until July 20th. Today is July 22, and neither the Trustee or attorney has given me Notice for the upcoming hearing on July 28, 2025.

11. Additionally, the Debtor has suffered emotional distress, intimidation, and reputational harm as a result of the conduct of the Trustee and his attorney, including coercive statements made on June 27, 2025, and the improper issuance of subpoenas without legal process. The Debtor respectfully asks the Court to consider these non-economic harms when evaluating sanctions.

## IV. DAMAGES & REIMBURSEMENT

12. As a result of their conduct, I incurred out-of-pocket costs, including:

- Attorney Fees Paid to Stone Rose Law: $2,633.00

- CPA Services (Brent Rudman – Bottom Line Taxes): $240.00

- Hotel and Parking for Court Attendance:
    - Hyatt Place Downtown Phoenix: $130.00
    - Parking: $40.00

- Certified and Priority Mailing Receipts: $197.96

- Paper, Ink, Binder, and Miscellaneous Office Materials: $150.00

Total Requested Reimbursement: $3,340.96

## V. RELIEF REQUESTED

Wherefore, I respectfully request that the Court:

A. Issue sanctions against Trustee Lawrence J. Warfield and Attorney Terry A. Dake for abuse of process and failure to follow court procedure;

B. Order reimbursement to me for documented out-of-pocket costs in the total amount of $3,340.96;

C. Consider emotional distress, intimidation, and reputational harm when determining the scope of sanctions;

D. Address this Motion during the already scheduled hearing on July 28, 2025;

E. Grant such other relief as the Court deems just and appropriate as I cannot trust Mr. Warfield or Mr. Dake.

Respectfully submitted,

/s/ Barbara Ann Bowen
Barbara Ann Bowen, Debtor (Pro Se)

## Certificate of Service

I hereby certify that on July 21, 2025, a true and correct copy of the foregoing was sent via First Class Mail and/or Electronic Service to:

- **Lawrence J. Warfield, Chapter 7 Trustee**
  U.S. Bankruptcy Trustee
  P.O. Box 3350
  Carefree, Arizona 85377-3350

- **Terry A. Dake, LTD.**
  Attorney for Trustee
  P.O. Box 91344
  Phoenix, Arizona 85068-9134

- **Clerk of the Bankruptcy Court**
  Clerk, United States Bankruptcy Court
  230 North 1st. Avenue, Suite 101
  Phoenix, Arizona 85003

Barbara Ann Bowen

9406 E. Ellis Street

Mesa, AZ 85207

Phone: (925) 351-3244

Email: barbarabowenhomes@gmail.com

Date: July 20, 2025

To:

Wells Fargo Bank, N.A.

Legal Order Processing

P.O. Box 29779

Phoenix, AZ 85038

Fax: (844) 879-9232

Email: legal.orders@wellsfargo.com

Re: Objection to Release of Banking Records Without Valid Court Order

**Account Holder: Barbara Ann Bowen**
**Wells Fargo Acct # 6555196739 or any other Wells Fargo Accounts**

**Bankruptcy Case No.: 2:25-bk-03839-DPC**

Dear Legal Order Processing Department,

I am writing to formally object to the release of any of my personal banking records in response to a subpoena or legal request that may have been submitted by Terry Dake, Esq., or anyone acting on behalf of the Chapter 7 Trustee in the above bankruptcy matter.

To my knowledge, no valid, judge-signed subpoena or court-approved order has been issued for my Wells Fargo account records. Furthermore, I have not been properly served or notified, which is required by due process and bankruptcy procedure. Due to the attorney

and him not abiding by due process. I will be filing a motion to quash.

I respectfully request that you do not release any bank statements, account activity, or personal financial records unless and until a proper judicial order is received and I have had the opportunity to respond through the appropriate legal channels.

If any records have already been disclosed, I ask that you provide written confirmation detailing:
- What records were released
- The name of the requesting party
- The legal basis under which they were released
- The date of disclosure

Please confirm receipt of this objection and advise me of any further requests involving my account.

Sincerely,
Barbara Ann Bowen

**Barbara Ann Bowen**
9406 E Ellis Street
Mesa, AZ 85207
Phone: 925-351-3244
Email: barbarabowenhomes@gmail.com

Date: July 20, 2025

To: Subpoena Compliance Department
T-Mobile / Metro by T-Mobile
Fax: (973) 292-8697
Email: subpoenas@t-mobile.com

RE: **Objection to Release of MetroPCS Phone Records**

**Metro PCS Account Number 647457090**

Case # 2:25-bk-03839-DPC

Dear Subpoena Compliance Officer,

I am the account holder of Metro by T-Mobile phone number **925-351-3244**. I am writing to formally object to the release of any of my phone records to **Trustee Terry Dake or any attorney or party associated with him.**

I have not been served with any subpoena or motion. I believe the subpoena submitted to your office was **not issued with proper legal authority**, lacks court approval, and was not signed by a judge as required under Federal Rules of Civil Procedure and Bankruptcy Rules.

Accordingly, I request that you **immediately cease any processing or release of my private account records** until a valid court order is presented.

Thank you for your cooperation in protecting my legal rights and privacy.

Sincerely,

*Barbara Ann B*

**Barbara Ann Bowen**
9406 E Ellis Street
Mesa, AZ 85207