1  *TERRY A. DAKE, LTD.*
   **P.O. Box 9134**
2  **Phoenix, Arizona  85068-9134**
   **Telephone: (602) 710-1005**
3  **tdake@cox.net**

4  **Terry A. Dake - 009656**

5  Attorney for Trustee

6              **IN THE UNITED STATES BANKRUPTCY COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8  In re:                        )    In Chapter 7 Proceedings
                                 )
9  BARBARA A. BOWEN;             )    Case No. 2:25-BK-03839-DPC
                                 )
10                     Debtor.   )
   _____   )
11

12           **OBJECTION TO DEBTOR'S MOTION FOR SANCTIONS**

13         The trustee objects to the motion for sanctions filed by the
   debtor at Dkt. No. 41. The trustee's objection is more fully set forth
14
   in  and  is  supported  by  the  following  Memorandum  Of  Points  And
15
   Authorities.
16
           DATED July 25, 2025.
17
                              *TERRY A. DAKE, LTD.*
18
                              By /s/ TD009656
19                               Terry A. Dake
                                 P.O. Box 9134
20                               Phoenix, Arizona  85068-9134
                                 Attorney for Trustee
21
           **MEMORANDUM OF POINTS AND AUTHORITIES**
22
           The motion for sanctions filed by the debtor at Dkt. No. 41
23
   complains once again about subpoenas issued to Wells Fargo Bank and to
24
   T-Mobile.
25
           This is the debtor's second motion relating to those same
26
   subpoenas.  The first is at Dkt. No. 39.  The trustee has already
27
   responded  to  that  motion  at  Dkt.  No.  40  and  that  response  is
28

incorporated by reference herein. Yet, the debtor raises the same issues. She complains that she was not served. As explained by the trustee at Dkt. No. 40, p. 2, she was. The trustee and this Court should not be obligated to plow the same ground over and over again. The debtor's second motion relating to the same subpoenas should be summarily denied.

The debtor then adds to her first motion and complains this time that the subpoenas were issued "in violation of Bankruptcy Rule 2004." However, Bankruptcy Rule 2004 does not govern the issuance of subpoenas. The only thing that Rule 2004 says about subpoenas, at part C, is that a subpoena can be issued to compel attendance and document production. Ms. Bowen does not identify the manner in which the subpoenas allegedly violate BR 2004. Neither the trustee nor this Court should be required to guess.

Subpoenas are covered by Bankruptcy Rule 9016, which incorporates Fed.R.Civ.P. 45. The subpoenas issued to Wells Fargo and T-Mobile comply with the requirements of that rule. The debtor has not identified any manner in which they do not.

Notably, neither T-Mobile nor Wells Fargo have complained about these subpoenas. Only the debtor, who is obligated to do nothing, has complained. The subpoenas do not violate FRCP 45.

Ms. Bowen then asks for sanctions. She cites no statute or court rule. Rather, she simply relies on the Court's "inherent authority." Since the debtor made no demands prior to filing her motion, Rule 11 sanctions cannot be imposed, assuming that there were grounds to do, which there are not. As for the Court's "inherent

2

authority" Ms. Bowen fails to identify what the standards are for sanctions under that authority, or how her motion meets those standards. She cannot expect the Court to be her advocate. It is also inappropriate to ask the trustee to guess what it is that she is relying upon.

Ms. Bowen then complains, at paragraph 10 of her motion, about the hearing set BY THE COURT for July 28, 2025. She says, again without authority, that it is the duty of the trustee to notify Ms. Bowen of "court hearings" and provide "advance notice."

As noted, the July 28 hearing was set by the Court (Dkt. No. 33) in response to the motions and response filed by Ms. Bowen at Dkt. Nos. 23, 28 and 29. The Court then served the hearing notice on Ms. Bowen at her address of record - in Mesa. Dkt. Nos. 33, 34. If Ms. Bowen did not receive them it is because she is not being honest with this Court about where she really lives - which is the seminal issue in this case.

In addition, the trustee has mailed several pleadings to Ms. Bowen since the hearing was set, each of which note the date and time of the hearing in the case caption. See, e.g., Dkt. No. 38. Thus, in addition to the Court's notice, those pleadings alerted Ms. Bowen to the July 28 hearing.

What is becoming painfully apparent from Ms. Bowen's complaints about notice and service is that Ms. Bowen's game about where she lives is catching up to her. She claims to live in Mesa, so that is the address that she has on file with the Court. Yet, when the Court or the trustee use that address, as the Court and the trustee are obligated

3

1 to do, Ms. Bowen then claims she doesn't get the papers.  If she is not
2 getting notice because Mesa is not really where she lives, she has no
3 one to blame but herself.

4        Finally, Ms. Bowen makes outlandish and unsupported claims for
5 expense reimbursement that she asserts should be imposed under the guise
6 of sanctions.  For example, she wants to be paid for a hotel room and
7 parking to attend the July 28 hearing (which has not yet been held) even
8 though that hearing does not concerns the subpoenas.  She also wants
9 fees for the law firm that withdrew from the case, Stone Rose Law (Dkt.
10 Nos. 19, 21).  For what?  No bills are provided showing what services
11 were provided when and for what.  She also claims expenses for certified
12 and priority mail, office materials and "CPA Services" none of which
13 have anything to do with the subpoenas.

14        Ms. Bowen's motion for sanctions must be denied. She has not
15 demonstrated that there are any factual or legal grounds for sanctions.
16 And even if they were, the expense reimbursement that she seeks has
17 nothing to do with the subpoenas.

18        Ms. Bowen's motion includes letters she has apparently sent to
19 Wells Fargo and T-Mobile.  Ms. Bowen should either be directed to
20 retract those letters, or she should be required to provide the
21 documents that have been requested.

22        **WHEREFORE**, the trustee prays for the entry of an order
23 denying the relief requested by the debtor in her motion at Dkt. No.
24 41.

25

26

27

28                            4

```
 1          DATED July 25, 2025.

 2                                    TERRY A. DAKE, LTD.

 3
                                      By /s/ TD009656
 4                                       Terry A. Dake
                                         P.O. Box 9134
 5                                       Phoenix, Arizona   85068-9134
                                         Attorney for Trustee
 6

 7

 8

 9   COPY mailed July 25, 2025 to:

10   Barbara A. Bowen
     9406 E Ellis Street
11   Mesa, AZ 85207
     barbarabowenhomes@gmail.com
12
      /s/ TD009656
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                 5
```