# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

## MINUTE ENTRY

### Hearing Information

| | |
|---|---|
| Bankruptcy Judge: | The Honorable Daniel P. Collins |
| Case Number: | 2:25-bk-03839-DPC |
| Debtor(s): | Barbara A. Bowen |
| Chapter: | 7 |
| Date and Time: | 07/28/2025 11:00 AM |
| Location(s): | PHX-603 |
| Courtroom Clerk: | Renee Bryant |
| Electronic Court Recording Operator: | Staci Jo Fagan |

### Matter(s)

MATTER #1 PRELIMINARY HEARING ON HOMESTEAD OBJECTION
MATTER# 2 MOTION TO STRIKE MOTION TO REMOVE TRUSTEE MOTION TO SET HEARING (DKT 28)
MATTER #3 RESPONSE TO TRUSTEE'S OBJECTION TO EXEMPTIONS

### Appearances

BARBARA BOWEN, DEBTOR
TERRY DAKE, ATTORNEY FOR TRUSTEE LAWRENCE WARFIELED

### Proceedings

**MATTER #2 MOTION TO STRIKE OBJECTION TO EXEMPTION AND BAR DATE, MOTION TO REMOVE TRUSTEE AND PROCEED TOWARD DISCHARGE DUE TO LACK OF NOTICE, RETALITORY CONDUCT, AND IMPROPERT POST-RETIREMENT FILINGS, MOTION FOR COURT HEARING (DKT 28)**

The Court asks Ms. Bowen to explain what it is that she is trying to accomplish.

Ms. Bowen states that the Trustee has had an agenda ever since the case was filed and has made untrue statements. He told her that if she does not give up her exemptions, she will lose the war.

Mr. Dake states that it became apparent to the Trustee at the meeting of creditors that Ms. Bowen does not reside in Mesa, Arizona. He states Ms. Bowen has enough equity in her house to pay the creditors; however, she does not want to sell her home. Mr. Dake addresses Trustee Warfield's retirement, noting that the Trustee will not be taking on any new cases but will continue to administer the existing cases assigned to him. Mr. Dake states the Trustee has not resigned from this case.

Ms. Bowen indicates that at the meeting of creditors, Trustee Warfield stated that he was retiring in June.

**COURT**: THE COURT HAS NOT HEARD ANYTHING TO SUGGEST THERE IS A BASIS TO REMOVE TRUSTEE WARFIELD, FOR THE REASONS STATED ON THE RECORD, IT IS ORDERED DENYING THE MOTION TO STRIKE OBJECTION TO EXEMPTION AND BAR DATE, MOTION TO REMOVE TRUSTEE AND PROCEED TOWARD DISCHARGE DUE TO LACK OF NOTICE, RETALITORY CONDUCT, AND IMPROPER POST-RETIREMENT FILINGS, MOTION FOR COURT HEARING (DKT 28).

**MATTER #1 PRELIMINARY HEARING ON HOMESTEAD OBJECTION**
**MATTER #2 RESPONSE TO THE TRUSTEE'S OBJECTION TO EXEMPTIONS**

Mr. Dake informs the Court that the Trustee has been unable to come up with any independent information indicating Ms. Bowen resides in Mesa, Arizona. He states that all the information they have seen suggests that Ms. Bowen lives in California. Mr. Dake informs the Court that Ms. Bowen's daughter and grandson live in Arizona. He states that they have sent subpoenas to T-Mobile and Wells Fargo, which Ms. Bowen has objected to, and they may take up some depositions. Mr. Dake states that a trial is needed and suggests that the homestead issue and the revocation of discharge (2:25-ap-00216-DPC) be tried at the same time. He informs the Court that Ms. Bowen provided him with a copy of a Motion to Dismiss for the adversary case; however, it is now appearing on the docket.

Ms. Bowen indicates that she is aware of the adversary proceeding and has filed an answer. She states that all requested documents have been provided. Ms. Bowen expresses her concerns with the subpoenas that the Trustee has issued. She agrees that it makes sense to hold the trial on the homestead issue and revocation of discharge at the same time. Ms. Bowen asks that Mr. Dake let her know beforehand who he will be subpoenaing.

Mr. Dake agrees to let Ms. Bowen know about any subpoenas before they are issued.

**COURT**: IT IS ORDERED SETTING A CONTINUED HEARING ON THE TRUSTEE'S OBJECTION TO THE DEBTOR'S HOMESTEAD OBJECTION ON **OCTOBER 27, 2025, AT 11:00 A.M**. AT THE OCTOBER 27 HEARING, THE COURT WILL EXPECT THE PARTIES TO ADVISE WHEN THEY WILL BE READY FOR TRIAL AND HOW MANY DAYS WILL BE NEEDED.

**COURT:** IT IS FURTHER ORDERED THAT THE HEARING ON **OCTOBER 27, 2025, AT 11:00 A.M** WILL BE THE TIME TO HAVE A DISCUSSION ABOUT ADVERSARY PROCEDING (25-AP-00216-DPC).

PARTIES MAY ATTEND THE HEARING ON OCTOBER 27, 2025, VIA ZOOM VIDEO CONFERENCE OR IN PERSON IN COURTROOM 603.

Join ZoomGov Meeting
https://www.zoomgov.com/j/1605289889?pwd=eGdlYjhhY2ViaXFvMHJXeDZoUTVQQT09

Meeting ID: 160 528 9889
Passcode: 479849

Mr. Dake notes that Ms. Bowen has filed a motion to dismiss in the adversary proceeding, not an answer.

Ms. Bowen confirms that a motion to dismiss was filed, as she does not believe the adversary is necessary.

**COURT**: IT IS ORDERED SETTING A HEARING ON THE MOTION TO DISMISS IN ADVERSARY PROCEEDING 25-AP-00216-DPC ON **SEPTEMBER 4, 2025, AT 1:30 P.M.** THE PARTIES ARE TO ATTEND THE SEPTEMBER 4 HEARING IN PERSON IN COURTROOM 603.

**COURT**: IT IS FURTHER ORDERED THAT THE TRUSTEE FILE A RESPONSE TO THE MOTION TO DISMISS NO LATER THAN THE CLOSE OF BUSINESS ON **AUGUST 6, 2025**.

**COURT**: IT IS FURTHER ORDERED THAT MS. BOWEN FILE HER REPLY NO LATER THAN THE CLOSE OF BUSINESS ON **AUGUST 27, 2025.**

Ms. Bowen informs the Court that she filed a motion for sanctions and reimbursement against Trustee Warfield.

Mr. Dake informs the Court that the Trustee has filed a response to the motion for sanctions.

**COURT:** IT IS ORDERED SETTING A HEARING ON THE MOTION FOR SANCTIONS AND REIMBURSEMENT AGAINST TRUSTEE WARFIELD ON **SEPTEMBER 4, 2025, AT 1:30 P.M**. PARTIES ARE TO ATTEND IN PERSON IN COURTROOM 603.

**COURT:** IT IS FURTHER ORDERED THAT MS. BOWEN FILE HER REPLY NO LATER THAN THE CLOSE OF BUSINESS ON **AUGUST 27, 2025**.

Mr. Dake informs the Court that Ms. Bowen filed a motion to quash subpoenas and protective order at docket 39. He states that Ms. Bowen sent letters to T-Mobile and Wells Fargo; therefore, he does not believe that they will respond to the subpoenas until Ms. Bowen provides a retraction or there is an order from the Court stating they need to respond.

Ms. Bowen states she has talked to Wells Fargo but has not spoken to T-Mobile. She questions why the T-Mobile records are needed and indicates that she has already provided Mr. Dake with the information he requested.

Mr. Dake explains why he would like to stand by the subpoenas for Wells Fargo and T-Mobile. He asks that the Court overrule the motion to quash subpoenas.

Ms. Bowen states that she has nothing to hide, and Mr. Dake is welcome to subpoena Wells Fargo.

**COURT**: IT IS ORDERED DENYING THE MOTION TO QUASH SUBPOENAS FOR WELLS FARGO AND T-MOBILE FILED AT DOCKET 39.

Ms. Bowen asks that the Trustee clarify what he means by "insider funds" in the complaint.

The Court informs Ms. Bowen that if there are any grounds that she does not understand or believes are wrong, she must address them in the motion to dismiss.

**COURT**: IT IS ORDERED THAT MS. BOWEN FILE A SUPPLEMENT TO HER MOTION TO DISMISS NO LATER THAN THE CLOSE OF BUSINESS ON **JULY 30, 2025.**

THE COURT INFORMS THE PARTIES OF ITS PROCEDURES FOR DISCOVERY DISPUTES. IF THERE ARE ANY DISCOVERY ISSUES THAT THE PARTIES ARE UNABLE TO RESOLVE, THEY MAY CONTACT THE COURTROOM DEPUTY, RENEE BRYANT.

NOTICE SENT THROUGH THE
BANKRUPTCY NOTICING CENTER "BNC"
TO THE FOLLOWING:

TERRY A. DAKE
Terry A. Dake, Ltd
P.O. Box 9134
Phoenix, AZ 85068-9134

Barbara A. Bowen
9406 E Ellis Street
Mesa, AZ 85207